IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ASHLEY BROWN,<br><br>                Plaintiff,<br><br>vs.<br><br>ST. PETER'S HEALTH,<br><br>                Defendant. | CV 24-7-H-KLD<br><br><br>ORDER |

A preliminary pretrial conference in this case was held on April 16, 2024. Plaintiff was represented by John Morrison, and Defendant was represented by David McLean. After discussion and upon the agreement of the parties, the following order is entered.

1.      The following schedule will govern all further pretrial proceedings:

Deadline for Amending Pleadings:[1]          May 14, 2024

Disclosure of Plaintiff's
Damages Experts and Simultaneous
Disclosure of Liability Experts:          August 15, 2024

Disclosure of Defendant's
Damages Experts:          September 15, 2024

---

[1] Parties are not required to seek leave of the Court to amend pleadings or join parties prior to this deadline.

Discovery Deadline:                          November 20, 2024

Motions Deadline (fully briefed):            February 7, 2025

Motions In Limine Deadline:                  March 27, 2025
(fully briefed)

Attorney Conference to Prepare
Final Pretrial Order:                        week of April 14, 2025

E-file Final Pretrial Order,
Proposed Jury Instructions,
Proposed Voir Dire Questions,
and Trial Briefs and e-mail
to kld_propord@mtd.uscourts.gov
(Trial Briefs are optional):                 April 24, 2025

Notice to Court Reporter of
Intent to Use Real-Time:                     April 24, 2025

Notice to I.T. Supervisor of
Intent to Use CD-ROM or
Videoconferencing:                           April 24, 2025

Final Pretrial Conference:                   May 1, 2025, at 2:30 p.m.
                                             Missoula, Montana

Jury Trial (7-member jury):                  May 12, 2025, at 9:00 a.m.
                                             Helena, Montana

**The parties may stipulate to the extension of any of the above deadlines**

**relating to discovery and the disclosure of experts without a court order.**

**However, parties seeking a continuance of the motions deadline or any**

**subsequent deadline must file a motion with the Court. Such motions will not**

be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.

**IT IS FURTHER ORDERED:**

**2.  Local Rules and Electronic Filing**. Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2023, and apply in all cases pending when changes become effective. In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. <u>See also</u> L.R. 1.4.

**3.  Service by E-Mail for Parties Not Filing Electronically**. Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing.

**4.  Stipulations**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the facts set forth in the Statement of Stipulated Facts (Doc. 13) are admitted and agreed upon.

**Cooperation and Proportionality**. The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Discovery shall be proportional to the reasonable needs of the case.

3

Fed. R. Civ. P. 26(b)(1). The parties have agreed that they be allowed 35 interrogatories each.

**6.   Discovery Exhibits**. The parties are encouraged to use a consistent numbering system for all documents produced and used during discovery, and to use this same numbering system, to the extent possible, for the same documents listed as trial exhibits in the pretrial order. The parties are further encouraged to use a numbering system that is consistent with the requirements of the District of Montana's digital Jury Evidence Recording System (JERS), as described in paragraph 18 of this Order.

**7.   Foundation & authenticity of discovery items**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation

for witnesses discussing the document at trial. All other objections are reserved for trial.

**8.   Supplementation of Discovery Responses**. Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**8a.   *Motions to Compel Discovery.*** Unresolved discovery disputes must be presented to the Court for resolution promptly. Before filing a discovery motion, the parties shall file a joint motion for an informal discovery status conference, requesting that the Court conduct a telephonic conference for the purpose of discussing the discovery dispute. Although not required, the parties may file up to four pages, double spaced, in a joint submission to the Court. If the parties cannot agree on the content of the submission, each party may file no more than two pages, double spaced, in a jointly filed submission. Discovery motions should be filed only if the discovery dispute remains unresolved following the telephone conference.

Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time of the motion is fully-briefed, both parties shall file

affidavits with the Court detailing their known fees and costs associated with the motion.

## 9.   Expert Disclosure.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine submitted by the date set forth in paragraph 1, and need not be raised within this 14 day window. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed. In this regard, a treating physician is not considered a retained expert

witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis. If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

(i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

**10.   Rebuttal Experts**. Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). The purpose of simultaneous liability expert disclosures is to avoid

"sand bagging" disclosures in an effort to force the opposing party to tip its liability hand. Accordingly, a party may not file an expert rebuttal report on liability unless the party has already filed its own liability expert report.

**11.   Supplementation of Incomplete or Incorrect Expert Reports**.

Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**12.   Motions**. Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court. **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court. Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.**

In addition, any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

13. **Unopposed Motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be a Word document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order. The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to kld_propord@mtd.uscourts.gov. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

14. **Hearings & Oral Arguments**. Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**15.   Number of Jurors and Length of Trial**. Trial of this case shall be conducted in Helena, Montana, before a jury of seven persons.

**16.   Attorney Conference for Trial Preparation**. If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. See generally Forms D, E, and F, Local Rules Appendix C.

**17.   Trial Exhibits**.

(a)      Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide to the Court a binder of paper copies of the exhibits at the time of the Final Pretrial Conference, and also to opposing counsel, if requested. The binders must bear an extended tab showing the number of the exhibit. An electronic copy of the exhibits shall be provided to the Court's

10

courtroom deputy at the time of the Final Pretrial Conference in a format compatible with JERS as provided in paragraph 18 of this Order.

(b)     Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits shall be numbered in a manner that is consistent with paragraphs 6 and 18 of this Order. The parties shall not use the same range of exhibit numbers. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

**18.  Jury Evidence Recording System (JERS)**. The Jury Evidence Recording System (JERS) allows jurors to electronically view the evidence admitted at trial in the jury room during their deliberations.   Parties must submit their exhibits for JERS in proper form to the Clerk's office no later than one week before trial.   The courtroom deputy is responsible for adding exhibits to JERS during trial and will coordinate with the parties at the conclusion of trial to ensure admitted exhibits have been properly entered into the JERS system.   Detailed information about JERS, including the proper naming convention and form of exhibits, is found on the Court's website at   http://www.mtd.uscourts.gov/ under the heading

11

"Attorneys."   JERS is NOT designed to present evidence in the

courtroom. Counsel are responsible for presenting exhibits during trial.

**19.   Final Pretrial Order**. The parties should e-file the proposed Final Pretrial

Order and e-mail a copy in Word format to kld_propord@mtd.uscourts.gov. Once

filed and signed by the Court, the Final Pretrial Order supersedes all prior

pleadings and may not be amended except by leave of court for good cause shown.

**20.   Final Pretrial Conference**. Counsel for the parties shall appear before the

Court in chambers at Missoula, Montana, for the final pretrial conference on the

date and time set forth in paragraph 1. Each party should bring Judge DeSoto's

copy of its trial exhibits if a copy has not already been delivered to chambers.

**21.   Trial Briefs**. Trial briefs are optional but if filed must be received by the

court on the date indicated in paragraph 1.

**22.   Jury Instructions**.

(a)   The parties shall jointly prepare jury instructions upon which they

agree (proposed joint instructions). If necessary, each party may also prepare a set

of proposed supplemental instructions if different from the agreed joint

instructions. **No two instructions shall be submitted with the same number.**

The parties shall also prepare an agreed upon verdict form with the instructions.

If a verdict form cannot be agreed to, each party shall prepare a separate verdict

form together with a written statement explaining why they do not agree on a joint verdict form.

(b)   <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>: By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word format to kld_propord@mtd.uscourts.gov. If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

(c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to kld_propord@mtd.uscourts.gov.

(d) <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if

13

the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to kld_propord@mtd.uscourts.gov.

**23.   Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (1)    a heading reading "Instruction No. _____", and

        (2)    the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (1)    a heading reading "Instruction No. __",

        (2)    the text of the instruction,

        (3)    the number of the proposed instruction,

        (4)    the legal authority for the instruction, and

        (5)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**24.   Settling of Instructions**. The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**25.   Calling Witnesses At Trial**.

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken

d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 17th day of April, 2024.

Kathleen L. DeSoto
United States Magistrate Judge

15